UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 10-310

KADRICK GARRETT                         SECTION: "J"(3)

### ORDER

Before the Court is Defendant, Kadrick Garrett ("Garrett)'s Motion to Enforce Judgment **(Rec. Doc. 80)**. Having considered the motion, memorandum, record, and applicable law, the Court finds that Defendant's motion should be **DENIED**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

On November 4, 2010, Garrett was indicted and charged with one count of knowingly and intentionally distributing five (5) grams or more of cocaine base ("crack") in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). (Rec. Doc. 1) At the time of his indictment, Garrett was in state custody at the Union Parish Detention Center serving a state sentence. (Rec. Doc. 4) On January 14, 2011, a United States Magistrate Judge issued a writ of habeas corpus ad prosequendum for Garrett, ordering the Union Parish Detention Center to surrender Garrett to the United

States Marshal on or before February 2, 2011 to remain in the custody of the United States Marshal until resolution of the federal charges pending against him. (Rec. Doc. 11) Garrett was taken into federal custody on February 2, 2011. (Rec. Doc. 14)

On August 25, 2011, pursuant to a plea agreement with the Government, Garrett pleaded guilty to a superseding bill of information containing a single count of knowingly and intentionally distributing twenty-eight (28) grams or more of cocaine base ("crack"), a narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). (Rec. Docs. 32, 33, 34) On April 19, 2013, the Court sentenced Garrett to the custody of the United States Bureau of Prisons ("BOP") to be imprisoned for a term of 115 months. (Rec. Doc. 78) In addition, the Court recommended to the BOP, among other things, that Garrett be given credit for time served since he was taken into federal custody on February 2, 2011. (Rec. Doc. 78) On July 18, 2013, Garrett contacted his attorney, Cynthia Cimino, and informed her that the BOP has not followed the Court's recommendation and given him credit for the time he served in federal custody between between February 2, 2011 and October of 2012. Garrett requests that the Court order the BOP to give him credit towards his federal sentence from the date he originally entered federal custody pursuant to the writ of habeas corpus ad

prosequendum on February 2, 2011 until the present. (Rec. Doc. 80)

## DISCUSSION

Garrett's request that the Court enforce its Judgment by *ordering* the BOP to give him credit for time served in federal custody ignores the fact that the Court's Judgment merely *recommended* that Garret be given credit for the time served in federal custody since February 2, 2011. (Rec. Doc. 78) Credit for time served is to be calculated and awarded by the Attorney General through the BOP. United States v. Wilson, 142 F. App'x 808, 808-09 (1992); United States v. Rorex, 142 F. App'x 808, 808-09 (5th Cir. 2005) ("[T]he district court did not err by refusing to award [defendant] credit for time served in state confinement because the Attorney General through the Bureau of Prisons, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."); Dix v. Longino, No. 11-1376, 2011 WL 4853361, at *1 (E.D. La. Oct. 13, 2011). A court may review a claim relating to the computation of a sentence only after the defendant exhausts his administrative remedies through the BOP. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); United States v. Gabor, 905 F.2d 76, 78, n. 2 (5th Cir. 1990). The appropriate procedural mechanism for attacks that focus on the extent to which the defendant's sentence has been executed is a habeas corpus petition under 28 U.S.C. § 2241. Gabor, 905 F.2d

at 78, n. 2 ("*Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241*, but he must first exhaust his administrative remedies through the Bureau of Prisons.") (emphasis added). Given that (a) Garrett has presented no evidence or argument that he exhausted his administrative remedies with the BOP before filing this motion, and (b) his claims should be addressed as a habeas corpus petition under 28 U.S.C. § 2241, not a motion to enforce Judgment, the Court finds that the relief Garrett requests must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Garrett's Motion to Enforce Judgment **(Rec. Doc. 80)** is **DENIED**.

New Orleans, Louisiana, this 6th day of August, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE